# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:13-cr-0022 |
| WALTER HILL, | ) |
| Defendant. | ) |

## ORDER

**BEFORE THE COURT** is the motion of Walter Hill for compassionate release. (ECF No. 815). For the reasons stated below, the Court will deny the motion without prejudice.

## I. BACKGROUND

On November 7, 2013, a federal grand jury in the U.S. Virgin Islands returned a sixty-nine-count third superseding indictment charging Walter Hill ("Hill") and other defendants with various federal drug trafficking offenses.[1] Hill was charged with three counts for conspiracy to possess with intent to distribute 5 kg or more of cocaine, possession with intent to distribute 5 kg or more of cocaine, and federal use of a communication facility to facilitate a drug crime. On December 30, 2013, the United States filed an information against Hill pursuant to 21 U.S.C. § 851 that provided notice of the United States' intent to rely on previous convictions for purposed of sentencing enhancement.

On March 24, 2014, a jury trial commenced in this matter. On March 27, 2014, a jury found Hill guilty on all three counts charged against him.

On October 23, 2014, the Court sentenced Hill to a term of imprisonment of 240 months for each drug offense and 48 months for the facilitation offense, to be served

---

[1] The third superseding indictment was the first charging document that named Hill as a defendant.

concurrently, and a term of supervised release of ten years for each drug offense and one year for the facilitation offense, to be served concurrently.

On August 24, 2020, Hill filed a motion for compassionate release. (ECF No. 815). In his motion, Hill asserts that the COVID-19 pandemic presents an extraordinary and compelling reason to warrant relief under 18 U.S.C. § 3582(c)(1)(A). On September 2, 2020, the United States filed an opposition to Hill's motion.

## II. DISCUSSION

Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>    (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
>    . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, prior to a District Court considering a defendant's motion for compassionate release pursuant to Section 3582, either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Failure to comply with Section 3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release." *See id.*

*United States v. Hill*
Case No. 3:13-cr-0022
Order
Page 3 of 3

Here, Hill does not assert that he made any request to the BOP to move for compassionate release on his behalf. Given these circumstances, the Court will deny the motion due to Hill's failure to satisfy the exhaustion requirement of Section 3582(c)(1)(A).

The premises considered, it is hereby

**ORDERED** that Walter Hill's motion for compassionate release, ECF No. 815, is **DENIED** without prejudice.

**Dated:** September 18, 2020             */s/ Robert A. Molloy*
                                                         **ROBERT A. MOLLOY**
                                                         **District Judge**