**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:13-cr-0022 |
| | ) |
| **WALTER HILL,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**ORDER**

**BEFORE THE COURT** is Defendant Walter Hill's ("Hill") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. (ECF No. 828.) United States opposed the motion. (ECF No. 830.) Hill filed his reply. (ECF No. 831.) For the following reasons, the Court will deny the motion.

**I. BACKGROUND**

A November 7, 2013 Third Superseding Indictment charged Hill and others with Federal Conspiracy to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii)(II) (Count Thirty-Seven), Federal Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II), and 18 U.S.C. § 2 (Count Thirty-Eight), and Federal Use of Communication Facility to Facilitate Drug Crime in violation of 21 U.S.C. §§ 843(b) and (d)(1) and 18 U.S.C. § 2 (Count Forty-Two). Hill and co-Defendant Raymond Brown ("Brown") were tried simultaneously before different juries. Hill was found guilty on all charges. On October 23, 2014, Hill was sentenced to 240 months imprisonment and ten years of supervised release on Counts Thirty-Seven and Thirty-Eight and 48-months imprisonment and one year of supervised release on Count Forty-Two, all to be served concurrently. On April 5, 2017, Hill's conviction and sentence were affirmed. *United States v. Hill*, 684 F. App'x 140 (3d Cir. 2017). On July 27, 2017, the Third Circuit Court of Appeals denied Hill's petition for rehearing and rehearing *en banc*. On May 12, 2021, proceeding *pro se*, Hill filed a letter postmarked May 6, 2021, which the Court construed as possibly stating a Motion to Vacate, Set Aside or Correct Sentence

pursuant to 28 U.S.C. § 2255 and directed that Hill file the current standard § 2255 motion no later than July 2, 2021. (ECF No. 824.) Hill's counsel sought an extension of time to file the motion, which was granted, and Hill's counseled motion was filed on August 2, 2021.

Hill argues that equitable tolling applies to his motion because of his diligent efforts in continuing to vindicate his rights, and he seeks relief based on the following grounds: (1) his Fifth and Sixth Amendment rights were violated when the court entered judgment on Count Forty-Two because no evidence at trial was offered to substantiate the date and time specified in that count; (2) The First Step Act retroactively applies to Hill, making his prior drug convictions inapplicable because he was released from prior incarceration on September 27, 1998, and the instant offence commenced by the filing of the Third Superseding Indictment on November 7, 2013; (3) his Fifth and Sixth Amendment rights were violated because counsel did not object to the combined trial, separate jury and overlapping alternates, and his counsel confided certain information to him which Hill believes renders his assistance ineffective from the beginning; (4) he received a sentence that violates the Constitution because trial judge and co-Defendant Brown knew each other personally and Brown received more lenient treatment; and (5) his right to a fair trial was violated when the court limited his ability to cross-examine the key witness for bias, admitted the fruits of an unauthorized search, and the judge had an apparent bias. The Government argues that Hill's claims are time barred, Section 401 of the First Step Act does not apply to Hill's sentence because it is not retroactive, and his remaining claims were already litigated before the Third Circuit and lack merit. In reply, Hill contends that: (a) the Government failed to address his equitable tolling argument conceding that the limitation period was tolled during the two category V Hurricanes and a global pandemic; (b) after Section 1 of the First Step Act is enacted, Hill will be entitled to retroactive application of Section 401 of the First Step Act; and (c) the Government failed to identify any prior rulings made by the Third Circuit with respect to his claims.

## II. LEGAL STANDARD

A prisoner in federal custody claiming that his conviction or sentence violates the Constitution or laws of the United States or that the sentence is otherwise subject to

collateral attack "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (a). "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Motions under § 2255 must be brought within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f). The doctrine of equitable tolling applies to the one-year limitation period under § 2255. *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) ("Congress intended the one year period of limitation to function as a statute of limitation, and thus be subject to equitable tolling"). However, equitable tolling may only be applied in "extraordinary situations" and "[t]here are no bright-line rules for determining when extra time should be permitted in a particular case." *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). The one-year limitation period may be extended only when the movant demonstrates that: (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* "[U]nder the principles set forth in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a pro se prisoner's § 2255 motion is deemed filed at the moment it is delivered to the prison officials for mailing." *Kapral v. United States,* 166 F.3d 565, 567 (3d Cir. 1999).

### III. DISCUSSION

**(a) Timeliness**

Hill's judgment became final on October 25, 2017, when the time to petition for certiorari expired. *See* Rules 13.1 and 13.5 of the Supreme Court of the United States. Hill had until October 25, 2018, to file his § 2255 motion. *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (explaining that a consensus exists amongst circuit courts that a § 2255

motion "presented to the court on the anniversary date of a triggering event is within the '1–year period of limitation' set out in § 2255"). Hill's letter deemed to be § 2255 motion and postmarked May 6, 2021 was filed 925 days (or 2 years, 6 months, 12 days including the end date) after the October 25, 2018 deadline and, as such, it is untimely unless he can establish that equitable tolling is warranted in the circumstances of this case.

Hill asserts that the one-year clock should be tolled during the following periods: (1) October 25, 2017 through September 2018, because during that time a state of emergency was declared by the Governor of the Virgin Islands as a result of the Hurricane Irma landfall on or about September 6, 2017, followed by Hurricane Maria a few days later, and "endured for over one year" (ECF No. 828 at 4); (2) October 2018 through January 2019, because he was housed in a solitary confinement and "lacked meaningful access to the outside world, including telephone, research and access to counsel" (*Id.* at 5); (3) December 2019, when "the first reports of the virus that would come to be identified as COVID-19 emerged" (ECF No. 831 at 1); and (4) from March 13, 2020, when COVID-19 was declared a national emergency in the United States, to the time of his filing of the motion in May 2021, since the Virgin Islands remained in the state of emergency one year after the national emergency was declared (*Id.* at 2).

Hill's assertion that the period from October 2017 through September 2018 should be tolled due to the state of emergency in the Virgin Islands that lasted more than one year is undermined by Hill's *pro se* November 2, 2017, typed letter requesting a copy of the transcript form his October 23, 2014 sentencing. (ECF No. 812). Although category five Hurricanes Irma and Maria caused extensive damage and destruction to the Virgin Islands, disrupted services and communications, and resulted in the temporary closure of the federal courthouses in St. Thomas and St. Croix, only criminal matters that were scheduled from September 5, through October 29, 2017, were continued in the Division St. Thomas/St. John, and only the St. Croix courthouse remained closed as of October 27, 2017. Hill was not housed in the Virgin Islands during the Virgin Islands state of emergency, which was extended through August 1, 2018, less than one year after the Hurricane Irma. Hill's assertion that the state of emergency "endured for over one year" from on or about September 6, 2017

*United States v. Hill*
Case No. 3:13-cr-0022
Order
Page **5** of **6**

is not supported by any evidence. His November 2, 2017 typed request entered on the docket on November 8, 2017, demonstrates that the state of emergency did not impede Hill's efforts to seek relief from the Court or prevent the Court from timely receiving and docketing Hill's filing. Hill's assertion that the period from October 2018 to September 2019 should be tolled because he was in solitary confinement and "lacked meaningful access to the outside world, including telephone, research and access to counsel" is not supported by evidence. Moreover, Hill does not explain what, if anything, prevented him from communicating with the Court in writing – the method Hill used to request his sentencing transcript on November 2, 2017. Nor does Hill explain why his solitary confinement constitutes an "extraordinary circumstance" that prevented timely filing, as required for equitable tolling to apply. *Thomas*, 713 F.3d at 174. With respect to the COVID-19 pandemic, Hill acknowledges that the Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-10) Outbreak was issued on March 13, 2020. However, the COVID-19 pandemic does not constitute an "extraordinary circumstance" for the purpose of equitable tolling because it did not prevent Hill from making his July 6, 2020 motion for compassionate release, or filing his September 24, 2020 reply to the Government's opposition to his motion for compassionate release. Additionally, in his § 2255 motion postmarked May 6, 2021, before the federal COVID-19 Public Health Emergency Declaration ended on May 11, 2023, *see* Centers for Disease Control and Prevention, https://archive.cdc.gov/#/details?url=https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last visited July 15, 2024, Hill explains, in relevant part, the reasons for his delay in filing the instant motion:

> I'm going to be openly honest with your honor in my travels through the system I was able to speak with two former judges that both encouraged me to take this approach because of the circumstances of the unorthodox actions and procedures taken by [the previous trial judge]. I was reluctant to do so as I still have reservations about the system. I do believe however that there are fair and honest individuals in this system and I pray that I am addressing one of them. . . . Judge Molloy. Ive [sic] read several of your opinions and I must say that you take very balanced approach in them; this was one of the key reasons as well as motivating factors in me having the courage to take this approach here before your honor.

(ECF No. 823 at 2-3.) As clearly stated by Hill in his letter postmarked May 6, 2021, the reason he did not timely file his § 2255 motion is his mistrust of the criminal justice system, especially the sentencing court that Hill alleged was biased against him, and not any "extraordinary circumstance" that prevented his timely filing. The Court finds that Hill failed to show that he pursued his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. Accordingly, equitable tolling does not apply.

### (b) Ground Two: The First Step Act

The First Step Act, signed into law on December 21, 2018, applies retroactively, "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of [that] date." *United States v. Mitchell*, 38 F.4th 382, 384 (3d Cir. 2022). Hill was sentenced on October 23, 2014, and his sentence was affirmed by the Third Circuit before the date on which the First Step Act was signed into law. The Court finds that the First Step Act does not apply to Hill.

### IV. CONCLUSION

For the reasons stated above, the Court will deny Defendant's section 2255 motion. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, ECF No. 828, is **DENIED**; and it is further

**ORDERED** that the Clerk of Court **SHALL** close Defendant's letter-motion, ECF No. 823; it is further

**ORDERED** that the Clerk's Office shall docket a copy of this Order in the case captioned *Walter Hill v. United States*, Case No. 3:21-cv-0065, and shall CLOSE that case.

**Date:** July 15, 2024         /s/ *Robert A. Molloy*
                                **ROBERT A. MOLLOY**
                                **Chief Judge**